**Albert H. Miller, Trading as Chicago Surplus Company, Appellee, v. J. T. Mudd, Trading as West End Currency Exchange, Appellant.**

**Gen. No. 44,429.**

Opinion filed November 10, 1948.   Released for publication December 2, 1948.

JULIUS L. KABAKER, of Chicago, for appellant.

A. L. and HAROLD MAROVITZ, both of Chicago, for appellee; HAROLD MAROVITZ, of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court. This is a contract action based on a check issued by defendant upon which he later stopped payment. Plaintiff sued as a holder in due course. Defendant affirmatively alleged failure of consideration for making execution or delivery of the check. He also charged that the check was issued upon fraudulent representations of plaintiff's agent in conspiracy with one McCracken to defraud defendant. A jury was waived and the trial court after hearing evidence and arguments

found against defendant and entered judgment for plaintiff in the amount of $2,400. Defendant has appealed.

Plaintiff company is located two or three blocks from defendant's place of business on Cicero Avenue, Chicago. Plaintiff's agent Schaeffer on several occasions brought out of town customers of plaintiff to defendant for the purpose of having the customer's checks cashed. April 29, 1947, he brought McCracken to defendant and introduced him. McCracken presented to defendant a check drawn in the name of Mansfield Salvage Company of Mansfield, Missouri, by McCracken on the Farmers & Merchants Bank of Mansfield. The check was for $2,400, made payable to McCracken and endorsed by him. McCracken gave this check to defendant who, at Schaeffer's instruction, issued defendant's check payable to the plaintiff company for $2,400. This transaction was pursuant to the purchase of a truck by McCracken from plaintiff company. McCracken's check on the Missouri Bank was returned, "Insufficient funds." The defendant thereupon stopped payment of his check to the plaintiff company.

The principal dispute in the testimony revolves about statements made by Schaeffer to defendant at the time of the transaction. Schaeffer said he told defendant he was selling McCracken a $2,400 truck; that defendant asked McCracken for identification and that McCracken displayed his driver's license, draft card and other items of identification; and that defendant asked Schaeffer whether he knew McCracken, and Schaeffer answered that he had sold him "stuff" before. Schaeffer says that he told defendant to call McCracken's bank, but that defendant did not do so, saying he was "pretty busy."

Defendant says he knew Schaeffer about a year before the transaction and cashed checks for Schaeffer's customers on several occasions; that on those occasions

he would call the bank and verify the customer's account before issuing a check; that on the day in question Schaeffer said he had had several transactions with McCracken whose checks had always been good and that McCracken was "perfectly good"; that defendant said he must call the bank to verify the account and was dissuaded by Schaeffer who said, "I can guarantee he is O.K."; that defendant asked Schaeffer whether he wanted cash or a check and that Schaeffer suggested the check to the plaintiff company; that defendant received a "small fee" from McCracken, but nothing from Schaeffer; that at the time he brought in McCracken, Schaeffer said he had a check in his pocket for $600 from McCracken; and that McCracken's check was returned, "not sufficient funds."

When plaintiff introduced the check in evidence a presumption arose that he was a *bona fide* holder for value. *American National Bank v. Wollard,* 342 Ill. 148. This presumption prevailed until overcome by evidence in support of the affirmative defenses of failure of consideration and fraud. *Owens v. Nagel,* 334 Ill. 96; *Heller v. Martin,* 319 Ill. 209. In those two cases there was evidence of fraud. The same is true of other cases cited by defendant.

The disputes referred to hereinabove pertain to the factual issues. A reading of the testimony recited discloses that we would not be justified in holding that the findings of the trial court in favor of the plaintiff on these issues were against the manifest weight of the evidence. The trial court was in a better position than we to determine whether to believe that the check sued upon was issued because of the payment of a fee for that service by McCracken, or because of the alleged fraudulent misrepresentations of Schaeffer. There is no evidence of a conspiracy between Schaeffer and McCracken to defraud defendant.

■■ The trial court stated that defendant's argument at the trial on the question of failure of consideration was good against McCracken, but not against plaintiff. McCracken's check was endorsed by him and was given by him to defendant. Defendant received a fee for the services rendered in cashing the check. In lieu of giving the cash to McCracken, who would in turn give the cash to Schaeffer, defendant issued the check. Instead of issuing the check to McCracken, leaving the latter to endorse it and deliver it to Schaeffer, defendant presumably accommodated the parties by issuing the check directly to plaintiff. The effect of this accommodation was not to require consideration from plaintiff to defendant. The consideration moving from plaintiff was a truck sold to McCracken. Schaeffer admits that he paid nothing for the check. We cannot say that the trial court was in error in finding that the proof did not show Schaeffer knew when he accepted the check that McCracken's check would be returned for insufficient funds.

We need not decide whether there was a failure of consideration between McCracken and defendant. Neither need we determine any other point raised by defendant based upon the premise that the affirmative defenses were proved.

For the reasons given the judgment is affirmed.

*Judgment affirmed.*

BURKE, P. J., and LEWE, J., concur.